IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVELLE HARKNESS )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>RAYMOND SOBINA, )<br>)<br>    Defendant. ) | <br><br><br>C.A.No. 09-29 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants Ferdarko, Burks, Jammie, and Skunda be dismissed due to Plaintiff's failure to prosecute the case against them.

**II.    REPORT**

    **A.     Relevant Procedural History**

Plaintiff, acting pro se, filed this civil action on February 11, 2009, by filing a motion for in forma pauperis status and an accompanying complaint. This Court granted Plaintiff's request to proceed without payment of the filing fee and ordered the U.S. Marshal to serve the complaint upon the originally-named Defendants.

On July 24, 2009, Plaintiff filed an Amended Complaint adding new Defendants. By Order dated August 10, 2009, this Court order the U.S. Marshal Service to serve the Amended Complaint upon the new Defendants, Ferdarko, Burks, Jammie and Skunda as directed by Plaintiff.  See Document # 36.

The U.S. Marshal Service informed this Court that Plaintiff has not provided any

instructions for the service of these new Defendants.  See Document # 37.

By Order dated October 28, 2009, this Court directed Plaintiff to show cause before November 10, 2009, for this failure to cooperate with the Marshal Service.  Document # 38.  The order warned that the failure to comply would result in the dismissal of this action or these Defendants.  Plaintiff failed to comply.

By Order dated November 16, 2009, this Court directed Plaintiff to show cause before November 30, 2009, for his failure to comply with the October 28th Order.  The order warned that failure to comply may result in the dismissal of this action or these new Defendants due to Plaintiff's failure to prosecute the case.  As of today's date, Plaintiff has failed to comply with that order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire and Casualty Company., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of new Defendants, Ferdarko, Burks, Jammie, and Skunda.  Since naming these new Defendants, Plaintiff has taken none of the necessary first steps to prosecute his case against them.  Further, Plaintiff has ignored two orders by this Court.  Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although Plaintiff's allegations against these Defendants may state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early

stage of the proceedings.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants Ferdarko, Burks, Jammie, and Skunda be dismissed from this case due to Plaintiff's failure to prosecute the case against them. The Clerk of Courts should be directed to terminate these Defendants from the docket.

In accordance with Federal Rule of Civil Procedure 72(b), the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


                                        S/Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        UNITED STATES MAGISTRATE JUDGE


Dated: December 8, 2009