# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAVELLE HARKNESS )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>RAYMOND SOBINA, )<br>    Respondent. )<br>) | C.A.No. 09-29 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, acting pro se, filed the instant civil rights action on February 11, 2009. Petitioner paid the five dollar filing fee and by Order dated August 10, 2009, this Court ordered the U.S. Marshal to serve the petition upon Respondent. Document # 5.

In February and March of 2010, this Court was notified that Plaintiff's mail directed to him at SCI-Forest was returned marked "forward time expired, unable to forward." Litigants are under a continuing obligation to provide this Court with any changes of address

On April 19, 2010, this Court issued an order to Plaintiff directing him to show cause, before April 30, 2010, for his failure to file an updated address with this Court. The order warned that failure to comply would result in the dismissal of this action due to his failure to

1

prosecute. To date, Plaintiff has failed to provide this Court with an updated address.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of the Amended Complaint in July of 2009, Plaintiff has taken none of the necessary steps to prosecute this case, including accomplishing service of the Amended Complaint on the newly named Defendants. Further, Plaintiff has ignored numerous orders by this Court. See Documents 35, 38, 39, 46. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: May 17, 2010